# State *ex rel.* Dunklin & Steiner *v.* Comm'rs of Covington Co.

## Petition for Mandamus to compel County Commissioners to Levy Tax.

1. *Power of Commissioners Court to levy tax.*—The Court of County Commissioners has no general power to levy taxes, and, unless some statute confers the power, is without any such authority.

2. *Same; when exhausted in regard to claims against county.*—The court has performed its duty, and exhausted its authority in regard to a claim

against the county, payable out of the general fund, when it levies the general tax to the extent authorized by law.

3. *Mandamus; not granted, when.*—Mandamus is never granted to compel the performance of an act or duty which without such mandate it would not be lawful to do or perform.

APPEAL from Circuit Court of Covington.
Tried before the Hon. JOHN K. HENRY.

The petitioners in this case, James H. Dunklin and Joseph Steiner, partners in business, represent themselves as owners of a lawful claim against Covington county, allowed by the Commissioners Court to one T. P. C., which was afterwards duly transferred to petitioners. The claim was in the shape of a warrant for $200, duly drawn by the probate judge, in pursuance of the order of the Court of Commissioners. The petitioners repeatedly presented said warrant to the county treasurer for payment, which the treasurer refused to pay, giving, as a reason, that there were no funds in his hands with which to pay said claim. Wherefore said petitioners prayed for a mandamus to compel the Commissioners Court to levy a tax for the payment of said claim. The respondents, the Commissioners Court, set up, in their return and answer, that they had levied all taxes for all purposes to the full extent to which said court was allowed by law. The petitioners moved to quash said return and answer, and also demurred to each paragraph, which motion and demurrer the court overruled, and dismissed the petition; whereupon the petitioners appeal to this court, assigning such ru'ing of the court below as error.

J. M. WHITEHEAD, for appellants.

W. D. ROBERTS and J. GAMBLE, *contra.*

BRICKELL, C. J.—1. The Court of County Commissioners is not clothed with a general power of taxation. The power with which it is vested is statutory and limited. If it should transcend this power, the levy and assessment would be void, imposing no duty or obligation on the tax payer. There are statutes conferring on the court authority to levy a special tax, for special county purposes, such tax not to exceed a defined per centum on the State tax. It is not insisted there is any statutory authority for the levy of a special tax, for the payment of the county claim preferred by the relators, or for the payment of claims of that character.

2. The claim is of the class and character payable from

(17)

[Bell v. Locke, Adm'r, et al.]

the general fund of the county, in the order of its filing and registration with the county treasurer. This general fund is created by taxation, and the Court of County Commissioners has power to levy for county purposes, including the payment of county claims, filed and registered with the county treasurer, an annual tax not exceeding fifty per cent. on the amount of the State tax. When the court levies such tax, its duty and authority in reference to the payment of such claims is exhausted. The holders of the claims of necessity must wait until from this fund they can obtain payment. The claims are created on the authority of the law which provides the mode and time of payment, and the law enters into and forms part of the contract.

3. It fully appears from the return of the Commissioners Court, that the court by an annual levy of a county tax, to the maximum prescribed, had exhausted the power conferred on them by law. A writ of *mandamus* can not rightfully issue to compel them to levy more. The writ may be awarded to compel a court or an officer to perform a legal duty—it is not issued to command them to do that which without the mandate it is not lawful for them to do.

The judgment is affirmed.